ANNIE LIPSCHITZ, as Administratrix, etc., of MAX LIPSCHITZ, Deceased, Respondent, v. MICHAEL SCHER, Appellant.— Appeal from a judgment, entered after a trial in the City Court of Albany, before a City Court Justice without a jury, and from the order of the County Court affirming the judgment on appeal. The action was for a balance alleged to be due upon two contracts for painting premises at Nos. 49 and 51 Broad street in the city of Albany, and for extra work in connection therewith. The trial judge found a verdict for the plaintiff in the sum of $499. There was no dispute over payments made except as to an item of $58.37. The evidence was sufficient to warrant the rejection of this item. Since the trial judge found for extras he must necessarily have found a balance due on the contracts, and with the item of $58.37 rejected this balance was $219. There remained $280 allowed for extras. There is evidence to support at least this amount. The court was empowered to render a general verdict. (Albany City Court Act [Laws of 1931, chap. 414], § 247; Civ. Prac. Act, § 458.) Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES TORTORA, Appellant, v. WILLIAM E. SNYDER, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Appeal by relator from an order made by the Clinton County Court dismissing a writ of habeas corpus. He is confined in a State Prison under a sentence of twenty years minimum and forty years maximum pronounced July 27, 1920, by the Kings County Court upon conviction by a jury of the crime of robbery, first degree, as a second offense. The first conviction was petit larceny, of which he was convicted on April 18, 1916. Section 1941 of the Penal Law (Laws of 1909, chap. 88) provided: " A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or of petit larceny  *  *  * commits any crime, within this State, is punishable upon conviction of such second offense as follows:  *  *  *  2. If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed for the first conviction." The provision concerning petit larceny as a previous conviction was repealed in 1920. (Laws of 1920, chap. 571.) This became a law on May 5, 1920, by the approval of the Governor, but by its terms it did not take effect until September 1, 1920. Robbery, first degree, was punishable by twenty years' imprisonment. The sentence of not less than twenty years nor more than forty years was a proper sentence in view of the facts that an indeterminate sentence was required when a defendant had not previously been convicted of a felony. The remedy for this relator is an application either to the Executive or to the Parole Board. Order unanimously affirmed. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.